**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CURTIS WILLIAMS | Case No. 4:08-cr-36-CDL-GMF |

**MOTION TO DISMISS FOR PRE-INDICTMENT DELAY**

Comes now the Defendant, Mr. Curtis Williams, by and though the undersigned counsel; and, pursuant to the Due Process Clause of the Fifth Amendment, Fed. R. Crim. P. 12(b)(3)(A), and Fed. R. Crim. P. 48(b)(1), the Defendant herewith files his *Motion to Dismiss for Pre-Indictment Delay*. In support of which, Mr. Williams respectfully submits the following.

On September 30, 2008, the government secured a three-count indictment naming Mr. Williams and a co-defendant (Mr. Rudolf Jenkins). (Doc. 1). Mr. Williams was charged, through the 2008 indictment, with acts alleged to have taken place almost 2-years and 3-months earlier, on or about July 14, 2006. (Doc. 1). Count One alleged that on July 14, of 2006, Mr. Williams possessed with intent to distribute more than 50-grams of cocaine base (in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii)); and Count Two alleged that (also on July 14, 2006) Mr. Williams possessed with intent to distribute cocaine (in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Doc. 1).

Accordingly, this case manifests pre-indictment delay well in excess of two years between arrest and indictment. Indeed, the consequence of the significant period of pre-indictment delay in this case is that, during this delay, (1) a key witness has died, and (2) the city or county has condemned or sold and demolished the structures which constituted the crime scene. The period of

delay itself is clear from the face of the indictment; however, Mr. Williams requests a hearing on this motion, at which he will present evidence regarding the prejudicial effect of this delay, the significance of the now-deceased witness, as well as documentary or testimonial evidence as to details attending the demolition of the crime scene.

On July 14, 2006, the Defendant received a phone-call from a Mr. Lewis Williams (an acquaintance of the Defendant) (hereafter, "Lewis") asking if he had left his keys in the Defendant's van. The Defendant confirmed that Lewis's keys were in fact in his van and that he would drop them by his house that day. When the Defendant went to the 29th Street address to return Lewis's keys, he found no one there. As he was getting back into the driver's seat of his van, police stopped him and shortly thereafter placed the Defendant under arrest for making a false statement. Once the Defendant was hand-cuffed, the police reached into his pocket and retrieved the key-ring with which they entered the residences that were (in 2006) located at 1417 and 1419 29th Street in Columbus, Georgia. Once inside, the police found the quantity of drugs which became the focus of the instant indictment. However, during the more than two years that passed between the arrest and indictment, sometime in 2007 or 2008, the 29th Street houses in which these drugs were located were destroyed by the city or the county (as reported by an official of the city's Geographic Information Systems Division). Furthermore, Mr. Lewis Williams, the tenant or resident of both houses was killed in an automobile accident in the late evening hours of December 30, 2007, near downtown Columbus. (*See* "Phenix City man [Lewis Williams, Jr.] dies in car crash", Columbus Ledger-Enquirer (Georgia) Tuesday, January 1, 2008.).

Although the absolute limit on pre-indictment delay is usually set by the statute of limitations, the Due Process Clause of the Fifth Amendment, and Fed. R. Crim. P. 48(b), can bar an

indictment even when the indictment is brought within the limitation period. *See e.g. United States v. Marion*, 404 U.S. 307, 324 (1971); and *United States v. Foxman*, 87 F.3d 1220, 1222 (11th Cir. 1996). For dismissal to be warranted in this context, a defendant must show "that pre-indictment delay caused him actual substantial prejudice and that the delay was the product of a deliberate act by the government designed to gain a tactical advantage." *Id.*; *see also United States v. Vickers*, 2009 U.S. App. LEXIS 12910 (11th Cir. Fla. June 16, 2009) (unpublished).

Mr. Williams maintains that he can show (at a hearing on this motion) that the delay not only caused him actual substantial prejudice, but that it has seriously diminished (perhaps destroyed) his ability to effectively defend this case — the crime scene and a key witness <u>no longer exist</u>. Further, Mr. Williams maintains that he can show that the delay was the product of a deliberate act (as opposed to accidental or unavoidable delay) by the government which appears to have resulted in the government gaining a serious tactical advantage. *See generally Marion*, 404 U.S. at 323-27 ; *United States v. Lovasco*, 431 U.S. 783, 788-91 (1977); *United States v. Hayes*, 40 F.3d 362, 365 (11th Cir.1994); *United States v. Benson*, 846 F.2d 1338, 1340 (11th Cir.1988); *Stoner v. Graddick*, 751 F.2d 1535, 1541 (11th Cir.1985); and, *Foxman*, 87 F.3d at 1222.

## CONCLUSION

Based on the foregoing arguments, Mr. Williams maintains that the Indictment at bar is due to be summarily dismissed pursuant to the Due Process Clause of the Fifth Amendment and Fed. R. Crim. P. 48(b)(1). Further, the Defendant requests a hearing on this motion during which he would present evidence in support of the prejudicial effect of this delay.

Dated:  This 28th day of January, 2010.

                Respectfully submitted,

Cynthia W. Roseberry – Executive Director
Federal Defender Program – Middle District of Georgia

By:
/s/ *Morad Fakhimi*
MORAD FAKHIMI
PA Bar ID. 204228 — DC Bar ID. 974050
Federal Defender Program – Middle District of Georgia
440 Martin Luther King, Jr. Boulevard, Suite 400
Macon, Georgia 31201
Tel: (478) 743-4747 — Fax: (478) 207-3419
Morad_fakhimi@fd.org

**CERTIFICATE OF SERVICE**

    I, Morad Fakhimi, hereby certify that on January 28, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such to all counsel of record.

        /s/ *Morad Fakhimi*
        MORAD FAKHIMI
        PA Bar ID. 204228 — DC Bar ID. 974050
        Federal Defender Program – Middle District of Georgia
        440 Martin Luther King, Jr. Boulevard, Suite 400
        Macon, Georgia 31201
        Tel: (478) 743-4747 — Fax: (478) 207-3419
        Morad_fakhimi@fd.org