## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **: CRIMINAL NUMBER: 4:08-CR-36 (CDL)** |
| | : |
| **v.** | : |
| | : |
| **CURTIS WILLIAMS** | : |
| _____ | : |

### GOVERNMENT'S CONSOLIDATED RESPONSE
### TO DEFENDANT'S MOTIONS TO DISMISS

COMES NOW the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, and files this Consolidated Response to Defendant's Motions, which are itemized as follows: Motion to Dismiss Indictment Pursuant to the Speedy Trial Act (Doc. 62), Motion to Dismiss Indictment Pursuant to the Speedy Trial Clause of the Sixth Amendment (Doc. 63), and Motion to Dismiss for Pre-Indictment Delay (Doc. 61).

To assist the Court in making its rulings, the government submits the following time line of events:

| | |
|---|---|
| July 14, 2006: | The crime allegedly was committed. |
| October 1, 2008: | The defendant was indicted. |
| March 12, 2009: | Co-defendant Rudolph Jenkins entered a guilty plea. |
| September 14, 2009: | A detainer was filed against the defendant, who apparently was arrested on unrelated charges. |
| September 28, 2009: | Defendant had a first appearance hearing in Magistrate Court; bond was set at $10,000, 10% secured. |
| October 1, 2009: | Defendant's previous attorney, Catherine Leek, filed general discovery motions. The government does not contend that any of these motions tolled the provisions of the Speedy Trial Act. |

1.

The Speedy Trial Act

The government has also calculated the 70 day period in defendant's case and concedes that defendant's trial, under the Speedy Trial Act, should have commenced on or before December 7, 2009.  The government also notes that defendant's first appearance occurred in September of that same year, well after the September term of court had commenced, and that no other regular term of court was available until March, 2010.  The government offers this fact not as an excuse, but simply to show that the government was not acting in a dilatory fashion.  Under the clear dictates of the act, defendant's request must be granted; the only question to be decided is whether the dismissal will be granted with or without prejudice.  For the following reasons, the government submits that the dismissal should be without prejudice.

18 U.S.C. § 3162(a)(1) presents three factors for the Court to consider when deciding to dismiss with or without prejudice:  the seriousness of the offense, the facts and circumstances of the case which led to the dismissal, and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice.  Another factor to consider is whether the government intended to seek the delay, i.e., hoped to obtain some advantage by the delay.  United States v. Miranda, 835 F. 2d 830, 834 (11th Cir. 1988).

The seriousness of defendant's case cannot be disputed.  The defendant was indicted for a violation of Title 21, United States Code, Section 841.  If convicted, he would be facing a sentence of a mandatory minimum 10 years in prison to a maximum of life.  "When the crime charged is serious, the court should dismiss only for a correspondingly severe delay."  United States v. Phillips, 775 F. 2d 1454, 1456 (11th Cir. 1985).  In the instant case, the delay was a matter of a couple of months, not years, and cannot be characterized as "severe."

2

The facts and circumstances of the case are straigthforward. Unfortunately for the government, for whatever reason, the defendant was not arrested and brought before the Magistrate until the middle of a District Court trial term. It should also be mentioned that the District Court had a rather lengthy, specially set trial that occurred in November, 2009, so that a special setting for defendant's case between September and March, 2010, would have been difficult. The government understands that these facts do not relieve it of seeking a continuance, but they also show the government sought no advantage from the delay.

As far as the administration of justice is concerned, the government argues that a dismissal of defendant's case, with prejudice, would, in effect, take away the people's right to adjudicate this case. If a dismissal without prejudice is entered, the government states to the Court that a superseding indictment will be requested in July, 2010, in plenty of time for the September term and with no potential for the Speedy Trial Act to apply.

2.

The Sixth Amendment

In order to warrant a speedy trial dismissal under the Sixth Amendment, the court must consider four factors: the length of delay, the reason for the delay, the defendant's assertion of the speedy trial right, and prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972).

As the defendant has pointed out, there is presumed prejudice and there is actual prejudice. The length of the delay in this case is not so excessive as to show actual prejudice against the defendant, even if the Court determines that the government has been negligent in pursuing this matter. Actual prejudice can be shown by oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the accused's defense will be impaired by the

delay.  United States v. Clark, 83 F. 3d 1350, 1354 (11th Cir. 1996).  The government does not know how long the defendant was incarcerated upon his arrest for these charges, but notes that the defendant was on release at the time of his pre-trial hearing.  The defendant now states that the death of a potential witness has harmed his defense, and that may be true.  However, the defendant makes no showing that this person would have testified, or how.  It would seem to be overly optimistic on defendant's part to think that a witness would come to court and essentially admit that he was operating a cocaine stash house.

The reason for delay is this case has already been mentioned.  First, the defendant had to be found, and second, we needed a trial term.  The government has already acknowledged that its failure to secure a continuance or a special setting is not the defendant's problem, but it cannot be said that the government delayed out of some desire to obtain a tactical advantage.

3.

Pre-Indictment Delay

To warrant dismissal based on pre-indictment delay, the defendant "must show that he suffered substantial prejudice and that the delay was the product of deliberate action by the government to gain a tactical advantage."  United States v. Hayes, 40 F. 3d 362, 365.  In his motion, defendant states that he has been prejudiced by the death of a witness and the destruction of the crime scene. While these problems might somehow make it more difficult for him to mount a defense, it is hard to understand how either of these woes could be attributable to the actions of the government.  As far as the government knows, no federal or state law enforcement officer working on this case had anything to do with the witness's death.  Likewise, no government agent involved with this case authorized the destruction of the crack house where the narcotics in this case were found.  Defendant simply cannot meet his burden in moving for a dissmissal based on pre-trial delay.

4.

Conclusion

The government concedes a violation of the Speedy Trial Act, and agrees that the indictment should be dismissed, but without prejudice.  The government believes that defendant's requests for dismissals under the Sixth Amendment, and under the theory of pre-trial delay, are without merit and should themselves be dismissed.

Respectfully submitted, this 3rd day of February, 2010.

                                      G. F. PETERMAN, III
                                      ACTING UNITED STATES ATTORNEY

**s/ *Melvin E. Hyde, Jr.***
MELVIN E. HYDE, JR.
Georgia Bar No. 381425
Assistant U.S. Attorney
United States Attorney's Office
Middle District of Georgia
P.O. Box 2568
Columbus, Georgia 31902
(706) 649-7700

5

## CERTIFICATE OF SERVICE

I, Melvin E. Hyde, Jr., Assistant United States Attorney, do hereby certify that I have this 3rd day of February, 2010, served the within and foregoing GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Cynthia W. Roseberry, Esquire.

        G. F. PETERMAN, III
        ACTING UNITED STATES ATTORNEY

        *s/ Melvin E. Hyde, Jr.*
        MELVIN E. HYDE, JR.
        Georgia Bar No. 381425
        Assistant U.S. Attorney
        United States Attorney's Office
        Middle District of Georgia
        P.O. Box 2568
        Columbus, Georgia 31902
        (706) 649-7700