IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | |
| CURTIS WILLIAMS | * | CASE NO. 4:08-CR-36 (CDL) |
| | * | |

O R D E R

Defendant seeks dismissal of his indictment with prejudice based upon the delay between the time of his arrest and his indictment and the delay in bringing him to trial after his indictment.  Defendant contends that these delays violated his constitutional rights under the Sixth and Fourteenth Amendments and his statutory rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*.  Presently pending before the Court are: (1) Defendant's Motion to Dismiss for Pre-Indictment Delay (Doc. 61), (2) Defendant's Motion to Dismiss Indictment Pursuant to the Speedy Trial Act (Doc. 62), and (3) Defendant's Motion to Dismiss Indictment Pursuant to the Speedy Trial Clause of the Sixth Amendment (Doc. 63).  For the following reasons, the Court grants Defendant's motion to dismiss the indictment under the Speedy Trial Act, but the dismissal is without prejudice.  All other motions are denied.

BACKGROUND

The U.S. Grand Jury indicted Defendant on September 30, 2008 for the federal charges of possession with intent to distribute more than fifty grams of cocaine base, 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(A)(iii), and possession with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). These charges arose from an investigation by county law enforcement officers which resulted in the execution of a search warrant on July 14, 2006 at 1417 29th Street and 1419 29th Street, Columbus, Georgia by those county law enforcement officers. Substantial quantities of illegal drugs and weapons were found during the search. Defendant, who was present at the scene of the search, was arrested on the date of the search by the local law enforcement officers and charged with state drug and weapons offenses. Defendant was taken into custody and remained in custody until he was granted a bond by the state court judge. Defendant would have been entitled to legal representation subsequent to his arrest.

Within thirty to sixty days after his arrest, the county law enforcement officials decided to present the case to the federal government for possible prosecution in federal court. At that time, they intended to pursue both drug charges and weapons charges. To pursue the weapons offenses under federal law, the Government had to establish a nexus between the weapons and interstate commerce. Making that determination caused significant delay in the indictment of Defendant. Ultimately, the Assistant U.S. Attorney decided that the Government should wait no longer on the investigation regarding the interstate commerce nexus and decided to seek an indictment only on the drug charges. The indictment was returned on September 30,

2008, over two years and two months after the Defendant was first arrested on the related state charges.

After the indictment was returned, the Government encountered difficulty in finding Defendant. He was finally arrested, and his arraignment and initial appearance were held on September 28, 2009. He was released on bond. On December 18, 2009, the Court notified Defendant that it intended to try his case in March of 2010 and that a final pretrial conference was scheduled for January 26, 2010. At that pretrial conference, Defendant's counsel sought leave to file tardy pretrial motions, which the Court allowed. On January 28, 2010, Defendant's counsel filed the presently pending motions to dismiss the indictment, raising for the first time issues regarding the timing of Defendant's indictment and trial.

Defendant argues that the indictment should be dismissed with prejudice because the delays were inexcusable and they prejudiced his right to a fair trial and a full defense of the charges. Defendant maintains that he has been prejudiced in three ways. First, he points to the general "fading of memories" over time, although he has presented no specific evidence of anyone's faded memory and the effect it may have on his right to a fair trial. Second, he contends that the houses where the drugs were found were actually owned by Lewis Williams, who died on December 30, 2007.[1] Although Lewis Williams's death obviously prevents his testimony, Defendant has

---

[1] For purposes of the pending motions, the Court assumes that Lewis Williams is deceased.

3

pointed to no evidence that he would have testified to anything that would have been favorable to Defendant or that he would have led Defendant to any leads that could have been helpful. Nothing prevents Defendant from introducing other evidence that Lewis Williams owned the houses and exercised control over their contents. Finally, Defendant points to the fact that the two houses where the contraband was found were torn down on approximately October 20, 2007. Defendant argues that he therefore lost the chance to inspect that property in support of his defense.

## DISCUSSION

### I. The Speedy Trial Act

The Government concedes that under the Speedy Trial Act, Defendant's trial should have commenced by December 7, 2009. Although Defendant never raised the speedy trial issue and his attorney should have been aware that the case would not likely be tried before December 7, 2009 unless Defendant insisted upon it, the Court finds that Defendant nevertheless had the statutory right under the Speedy Trial Act to be tried by December 7, 2009.[2] Therefore, the indictment must be dismissed.

---

[2]The Government suggests that Defendant could not have been tried prior to that date because of the Court's schedule. The Government is wrong. The Court has consistently made it clear to the U.S. Attorney's Office that it would rearrange its schedule to accommodate the trial of any criminal case that needed to be tried or face dismissal under the Speedy Trial Act. Although the Court does schedule regular terms of court, it also has the flexibility to schedule special settings when necessary to accommodate a speedy trial deadline.

In deciding whether the dismissal is with prejudice, the Court examines three factors: (1) the seriousness of the offense; (2) the facts and circumstances leading to dismissal; and (3) the impact of a re-prosecution on the administration of the Speedy Trial Act and the administration of justice.  *See* 18 U.S.C. § 3162(a)(2).  The Eleventh Circuit "perceives no statutory preference for either form of dismissal."  *United States v. Miranda,* 835 F.2d 830, 834 (11th Cir. 1988).

The seriousness of the offense weighs against dismissal with prejudice.  Defendant was indicted for a violation of 21 U.S.C. § 841, which provides for a mandatory minimum ten-year prison sentence with a maximum sentence of life.  The delay under the Speedy Trial Act would have been approximately two and a half months, which the Court finds was not severe compared to the seriousness of the criminal charges against Defendant.  *See United States v. Phillips,* 775 F.2d 1454, 1456 (11th Cir. 1985) ("Where the crime charged is serious, the court should dismiss only for a correspondingly severe delay." (internal quotation marks omitted)).

The facts and circumstances surrounding the delay, while not completely excusable, are understandable.  Defendant did not make his initial appearance until September 28, 2009, which was in the middle of the Court's regularly scheduled jury trial term.  Shortly thereafter, the Court was involved in the trial of a specially set criminal trial.  Defendant was free on bond and his attorney was not

pressuring the Government to try the case before the Court's next regularly scheduled jury trial term in March. The Government obtained absolutely no advantage from the delay. The prejudice Defendant points to, death of a witness and destruction of the place of the crime, had previously occurred well before the Speedy Trial time clock even began to run. The Speedy Trial Act delay did not contribute to any prejudice that Defendant even alleges in support of his motion to dismiss with prejudice. Although the Government should have sought a short continuance prior to the expiration of the Speedy Trial deadline, the Court finds that its failure to do so is not the type of conduct that supports a dismissal of the indictment with prejudice.

Finally, the Court finds that the administration of justice favors a dismissal without prejudice. If the Court granted a dismissal with prejudice, the Court would remove from a jury's consideration a grand jury's charge that Defendant engaged in serious criminal conduct based upon a two-month delay that has not prejudiced Defendant. If the Court grants a dismissal without prejudice, the Government will be able to re-prosecute the case in a manner that fully protects Defendant's Speedy Trial Act rights as well as his right to a full defense to the charges and a fair trial.

Based on the foregoing, the Court grants Defendant's motion to dismiss the indictment under the Speedy Trial Act, but the dismissal is without prejudice. *See United States v. Russo*, 741 F.2d 1264,

1267 (11th Cir. 1984) (per curiam) ("Where the violation of the [Speedy Trial Act] is slight and the other two factors militate in favor of reprosecution, mere negligence or inadvertence will not automatically call for dismissal with prejudice.").

## II. Constitutional Claims

Defendant argues that the delays in bringing him to trial violate his Sixth Amendment right to a speedy trial and his due process rights. The Court finds it helpful to examine these claims in the context of the post-indictment delay and the pre-indictment delay.

### A. Post-indictment Delay

Generally, speedy trial challenges under the Sixth Amendment focus on the delay between the indictment and the trial of the defendant. In this case, Defendant was indicted on September 30, 2008, and he was scheduled to go to trial on March 1, 2010. Therefore, there was a delay of approximately one year and five months between indictment and trial. The Court looks at four factors in determining whether this delay violated Defendant's Sixth Amendment right to a speedy trial. Those factors are: (1) length of the delay; (2) reason for the delay; (3) defendant's assertion of the speedy trial right; and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530 (1972).

The Court finds that the delay of over a year could be considered "presumptively prejudicial," and therefore, the speedy

trial analysis is triggered. *See Doggett v. United States,* 505 U.S. 647, 652 & n.1 (1992). However, the Court finds that an analysis of the remaining factors does not warrant a finding of a constitutional violation. The reason for the delay by the Government relates primarily to its inability to find Defendant to arrest him after he was indicted. After they found him and arrested him, the delay was only five months. That delay appears to be based upon carelessness and not bad faith by the Government or an attempt to obtain some type of tactical advantage. Furthermore, Defendant suffered no actual prejudice as a result of the post-indictment delay. His alleged prejudice, the death of Lewis Williams and the destruction of the houses, had already occurred well before the indictment. Based on these factors, the Court finds that the post-indictment delay did not constitute a constitutional violation under the Sixth Amendment.

### B. Pre-Indictment Delay

The limit on pre-indictment delay is typically set by the applicable statute of limitations. However, under certain circumstances, pre-indictment delay can give rise to a Due Process violation even if the indictment is returned within the statute of limitations. *United States v. Foxman,* 87 F.3d 1220, 1222 (11th Cir. 1996). To establish a due process violation, Defendant must show: (1) actual prejudice, and (2) the delay resulted from a deliberate design by the government to gain a tactical advantage. *United States v. Thomas,* 62 F.3d 1332, 1339 (11th Cir. 1995).

The Court finds it doubtful that Defendant has sufficiently established actual prejudice attributable to the delay. The alleged crime occurred on July 14, 2006. Defendant was indicted on September 30, 2008. Lewis Williams's death, upon which Defendant relies to show prejudice, occurred on December 30, 2007. The destruction of the two houses, upon which Defendant also relies, occurred on October 20, 2007. Therefore, had Defendant been indicted prior to October 20, 2007, he would have had greater access to Lewis Williams and the two houses. No evidence exists to suggest, however, that this access would have been helpful to him. It is sheer speculation to suggest that Lewis Williams would have confessed that the contraband was his and not the Defendant's. Moreover, there is no guarantee that the trial would have occurred prior to his untimely death even if the indictment had preceded it. Furthermore, Defendant has pointed to no reliable reason that earlier access to the houses before their destruction would have yielded anything helpful to him. Finally, Defendant was well aware before the death of Lewis Williams and the destruction of the houses that he was being accused of criminal conduct associated with contraband found in the two houses. After all, he had been arrested on July 14, 2006 when the houses were searched by county law enforcement and had been charged with state criminal offenses similar to the federal crimes for which he was subsequently indicted. Consequently, he had the opportunity to investigate any leads relating to this evidence from July 14, 2006 until the time of Lewis Williams's death and the time of the

destruction of the houses. For all of these reasons, the Court finds that Defendant suffered no serious prejudice as a result of the pre-indictment delay.

Even if Defendant did suffer some prejudicial delay, the Court finds that the delay did not result from any intent by the government to obtain a tactical advantage. The delay was primarily associated with the federal investigation to establish the connection of the guns to interstate commerce so the gun crimes could be prosecuted in federal court. Moreover, there was some delay in having the matter reviewed by the federal government to determine whether to take the case. Although one may quarrel with the Government's inefficiency, no evidence has been presented to suggest that the delay was purposeful to obtain any type of tactical advantage.

Based on the foregoing, the Court finds that the pre-indictment delay did not result in a denial of Defendant's due process rights.[3]

## CONCLUSION

Defendant's Motion to Dismiss the Indictment Pursuant to the Speedy Trial Act (Doc. 62) is granted, but the dismissal is without prejudice. Defendant's Motion to Dismiss the Indictment Pursuant to the Speedy Trial Clause of the Sixth Amendment (Doc. 63) is denied.

---

[3] Insofar as Defendant argues that the pre-indictment delay combined with the post-indictment delay violated his speedy trial rights under the Sixth Amendment and his due process rights, the Court rejects this argument for the same reasons that it rejects Defendant's other constitutional arguments. Balancing the length of delay with the lack of prejudice and the reasons for the delay, the Court finds no constitutional violation in this case.

Defendant's Motion to Dismiss for Pre-Indictment Delay (Doc. 61) is denied.

IT IS SO ORDERED, this 10th day of March, 2010.

                                               S/Clay D. Land
                                                    CLAY D. LAND
                                      UNITED STATES DISTRICT JUDGE